Martin J.
(sitting for O’Neall J.) delivered the opinion of the Court. — Proceedings by attachments are unknown to the common law, and have their origin in the custom of London. In this country, the reme-dyis wholly statutory. But little aid therefore, is to be found in adjudged cases, except as to analogies and general rules of construction. We must, therefore, in deciding this case, look to the statute, and the interrupted practice under it. The attachment act, declares “ that if the person so summoned” as garnishee “ shall neglect to appear, or refuse to discover upon oath, what monies, goods, chattels, &c., he has in possession, belonging to the absent debtor, such person shall be condemned for default, and judgment *54 shall be given against him, and execution awarded against his goods and chattels for. the satisfaction of the debt attached.”
1 think but little attention to the provisions of this act is necessary to satisfy any one that if default be made by the garnishee, judgment must be rendered against him. The usual practice is to enter an order that the plaintiffhave leave to enter upjudgment against such garnishee. This is necessary, or prudent at least, for it establishes the fact that the garnishee has made default; and that is the authority for the judgment required by the act. In some instances it is likely that this order has been, by a loose practice, considered as the judgment of the Court, and execution has issued without signing the judgment for which an order has been made. But that practice is irregular and could not be sustained.
It is equally clear, I think, that the judgments when there are several garnishees, must as to them be several and not joint. There is no privity between the several garnishees ; nor is there any joint liability to the plaintiff, or any obligation to contribute one to another. As between them and the plaintiff, the whole proceeding is several, and no part of it joint. There is no joint undertaking; they are strangers to each other, and their default is several. One may have appeared and refused to discover; another may have neglected to appear altogether; while a third may have appeared and acknowledged himself indebted to the defendant; but in a sum much less than that claimed by plaintiff", and established by his judgment against the absent debtor. It is obvious, therefore, that to preserve consistency and uniformity as well as legal accuracy, that the judgments should be several; and if so, the execution must follow the judgment. 1 Sellon, 517. 6 T. R 525. Salk. 319. 2 Tidd, 913. But in this case, the judgment was joint, and the executions several. The execution therefore did not follow the judgment, and in this, it was irregular. It may admit of some doubt however, whether if one enter into a bail bond after his arrest under a ca. sa. *55 not absolutely void, but irregular only, he does not waive all objections to the irregularity. Rut I do not propose to discuss that question now, as this motion will be disposed of on another ground; and what has heretofore been said, has been more with a view to settle the question of practice presented, than as necessary to a decision of the case in hand.
It is a well established rule that when a tribunal unknown to the common law, is established by statute, it is to be confined strictly to the powers conferred; and I take it to be equally clear that where a new jurisdiction is given to, or a remedy afforded by, a common law Court, neither the jurisdiction nor remedy is to be extended beyond the legislative grant.
The Circuit Court derives its jurisdiction in, and the parties their remedy by, attachment, from the act of the legislature ; then both the jurisdiction and the remedy are the creatures of- the statute. No question arises here, as to jurisdiction, or the remedy, except in the final process resorted to by the plaintiff, in attachment. He thought proper to issue a ca. sa. and arrest the garnishee; and if that be not allowed, under the attachment act, then, under the principles just adverted to, the ca. sa. was void. In speaking of the garnishee, who may make default, the act declares “judgment shall "be given against him, and execution awarded against his proper goods, for the payment and satisfaction of the debt attached.” It is possible that the legislature may have intended to afford the plaintiff all the remedies which other plaintiffs may avail themselves of, after judgment; but we cannot say they have done so. They have confined the execution to the garnishee’s “proper goods,” for the payment of the debt attached ; and if they have thus restricted the means of enforcing a new remedy, the plaintiff is bound by it. He reljes on this act to afford him relief in a case unprovided for by the common law. It is by that act alone, tlie Court is enabled to make the garnishee a party, and he has a right to restrict the plaintiff, to those provisions which the legislature have afforded, and not suffer him to depart further *56 from the common law, than the legislature themselves were disposed to go. If the legislature had declared the plaintiff should have execution against the defendant, and had not confined it to his “ goods and chattels,” none would have doubted the plaintiff’s right to avail himself of every process belonging the Court, to enforce its judgment. But having prescribed the mode in which the judgment is to be carried into execution, we cannot go beyond it.
I am of opinion, therefore, that the ca. sa. was void, and the motion to set it aside is granted.
Johnson, & Harper, Js. concurred.